CORNELIUS SWEETSER *vs.* BOSTON & MAINE RAILROAD COMPANY.

York, 1876.—January 11, 1877.

*Assumpsit.*

In an action of assumpsit for the value of earth taken from the plaintiff's land by a railroad company's engineer for the construction of their road, submitted to the full court to settle law and fact, where the defense was, that the taking was tortious, and not under a contract, and the evidence was, that the engineer asked permission of the owner to take the earth, and there was no evidence of any reply, the full court found there was a contract, and ordered judgment for the plaintiff for damages.

ON REPORT to settle law and fact.

*H. Fairfield,* for the plaintiff.

*G. C. Yeaton,* for the defendants.

LIBBEY, J. This is ASSUMPSIT to recover for a quantity of earth taken from the plaintiff's land by the defendants, by their agent, and used in the construction of their railroad. The taking of the earth by the agent of the defendants, duly authorized therefor, is not controverted. But it is maintained on the part of the defendants, that the evidence does not show that it was taken by virtue of any contract, express or implied, but on the contrary that the taking was tortious. If this is so, then this action cannot be maintained, because the plaintiff has not shown that the defendants converted the earth taken into money, or money's worth, and he cannot therefore waive the tort, and maintain assumpsit. To maintain this action, the plaintiff must show that the earth was taken by defendants by virtue of a contract, express or implied. Upon this point there is no conflict of evidence. The only question is, what inference can legitimately be drawn from it. Henry Bacon, engineer-in-chief, of the defendants, having charge of the construction of the extension of their railroad, says : "I remember the borrow pits made on the Joseph Mitchell farm. They were made by my direction. I asked Mr. Sweetser's permission to take the earth. The pits were staked out under my general direction, by W. A. McKey, who was assistant engineer." There is no evidence showing the response of the plaintiff when Mr. Bacon asked

permission to take the earth. The evidence shows that the plaintiff owned the Joseph Mitchell farm ; that defendants commenced taking the earth in the fall of 1872, and continued taking it till some time in 1873, and that the taking was of such a character as to do permanent injury to the estate. There is no evidence of any objection by plaintiff, nor by his tenant, Mitchell, who occupied the farm. Although the evidence fails to prove directly the response of the plaintiff, when Mr. Bacon asked his permission to take the earth, we think, from the facts proved, the inference may justly be drawn that Mr. Bacon had the plaintiff's consent before going on to his land, and taking the earth. It would not be just to him to infer that, admitting the plaintiff's title and claiming no right to enter upon his land in behalf of the defendants, he applied to him for consent, and it was refused, and he then went on and took the earth, thereby committing a willful trespass. The fact that the plaintiff consented to the taking, and that thereby Mr. Bacon acted lawfully, is consistent with all the facts in the case. In such case the inference should be that consent was given, and that the taking was lawful, and not that it was a willful violation of law. The defendants having taken the earth from the plaintiff's land by his permission, the law implies a promise to pay a reasonable compensation therefor.

The plaintiff's witness states the quantity taken to be, by measurement, 5,818 and 28-100 cubic yards. The defendants do not controvert this evidence. The evidence of the value of the earth taken, comes wholly from the plaintiff's witnesses, who estimate it at from ten to twelve cents per cubic yard. Upon the evidence in the case we assess the damages at five hundred and eighty-one dollars and eighty-two cents, with interest from the date of the writ.                          *Judgment for plaintiff.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.